NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PALTALK HOLDINGS, INC.,**
*Appellant*

**v.**

**RIOT GAMES, INC., VALVE CORPORATION,**
*Appellees*

---

2019-2035, 2019-2036, 2019-2037, 2019-2038

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-00129, IPR2018-00130, IPR2018-00131, IPR2018-00132, IPR2018-01238, IPR2018-01241, IPR2018-01242, IPR2018-01243.

---

Decided:  June 16, 2020

---

DOUGLAS R. WILSON, Armond Wilson LLP, Austin, TX, for appellant.  Also represented by MICHELLE ARMOND, Newport Beach, CA.

CONSTANTINE L. TRELA, JR., Sidley Austin LLP, Chicago, IL, for appellee Riot Games, Inc.  Also represented by NATHANIEL C. LOVE, JOHN WEATHERBY MCBRIDE; SCOTT BORDER, SAMUEL DILLON, Washington, DC.

SHARON A. ISRAEL, Shook, Hardy & Bacon, LLP, Houston, TX, for appellee Valve Corporation. Also represented by KYLE E. FRIESEN; PATRICK A. LUJIN, Kansas City, MO; REYNALDO BARCELO, Barcelo, Harrison & Walker, LLP, Newport Beach, CA.

---

Before PROST, *Chief Judge*, MAYER and LOURIE, *Circuit Judges*.

PROST, *Chief Judge*.

PalTalk Holdings, Inc., appeals four final written decisions by the Patent Trial and Appeal Board ("Board") in inter partes review proceedings related to U.S. Patent Nos. 5,822,523 and 6,226,686. The Board concluded that all challenged claims are unpatentable under 35 U.S.C. § 103 as obvious over the cited prior art. *See Riot Games, Inc. v. PalTalk Holdings, Inc.*, No. IPR2018-00129, Paper 37, at 66 (P.T.A.B. May 14, 2019); *Riot Games, Inc. v. PalTalk Holdings, Inc.*, No. IPR2018-00130, Paper 37, at 72 (P.T.A.B. May 14, 2019); *Riot Games, Inc. v. PalTalk Holdings, Inc.*, No. IPR2018-00131, Paper 37, at 50 (P.T.A.B. May 14, 2019); *Riot Games, Inc. v. PalTalk Holdings, Inc.*, No. IPR2018-00132, Paper 36, at 66 (P.T.A.B. May 14, 2019).[1]

PalTalk timely appealed. PalTalk challenges the Board's obviousness determination only with respect to certain dependent claims. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

---

[1]    During the course of the inter partes review proceedings, the Board joined petitioner Valve Corp. and its instituted inter partes reviews (respectively Case Nos. IPR2018-01238, IPR2018-1241, IPR2018-01242, and IPR2018-01243) to each of the four proceedings.

We review the Board's ultimate legal conclusion of obviousness de novo and its underlying factual determinations for substantial evidence. *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). "Substantial evidence is something less than the weight of the evidence but more than a mere scintilla of evidence." *In re NuVasive, Inc.*, 842 F.3d 1376, 1379–80 (Fed. Cir. 2016).

PalTalk appeals the Board's obviousness determination with respect to two subsets of dependent claims. First, PalTalk argues that substantial evidence does not support the Board's conclusion that the prior art renders obvious certain dependent claims requiring a group messaging "server." Specifically, dependent claims 4–5, 34–37, and 41–42 of the '523 patent require a host computer send a message to the group messaging server to "create," "join," or "leave" a message group. And dependent claims 30, 34, 35, 49, 53, 54, 66, and 70 of the '686 patent require that a server receives a message to "connect," "disconnect," or "close" a message group. We disagree with PalTalk. Substantial evidence, including expert testimony and express disclosures in the prior art, supports the Board's conclusion that the claimed "server" is disclosed and that the claims are rendered obvious.

Second, PalTalk argues that substantial evidence does not support the Board's conclusion that the prior art renders obvious dependent claim 11 of the '523 patent and dependent claims 22, 41, and 58 of the '686 patent. Each of these claims recites a limitation requiring that the group messaging server perform "echo suppression," which ensures that a host does not receive copies of the messages it is sent. PalTalk contends that substantial evidence does not support the Board's conclusion that the prior art discloses the "echo suppression" limitation. We disagree with PalTalk. Substantial evidence, including express disclosures in the prior art, supports the Board's conclusion that the claimed "echo suppression" is disclosed and that the claims are rendered obvious. We further disagree with

PalTalk to the extent it additionally argues the Board legally erred by failing to provide sufficient findings to support its obviousness determination for the "echo suppression" claims. The Board's analysis provides a reviewable pathway to its conclusion by reasonably considering the arguments raised by both parties and citing support from the prior art. *See Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1365 (Fed. Cir. 2015) ("We may affirm an agency ruling if we may reasonably discern that it followed a proper path, even if that path is less than perfectly clear.").

Because we conclude that the Board's obviousness determination is supported by substantial evidence and because we detect no legal error in the Board's analysis, we affirm.

**AFFIRMED**